**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In the Matter of the Complaint of JAMES MADOSKY, as Owner of a 2012 20' Robalo R200 CC WF115XA (HIN: ROBC0140D212) for Exoneration from or Limitation of Liability.** | **Case No. 24–cv–04933–ESK–EAP**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on petitioner James Madosky's "motion to lift stay of proceedings and enjoin state court action" (Motion) (ECF No. 31; ECF No. 31–1 (Mov. Br.)); and claimant Hope Cohen, as personal representative of the Estate of Norma Janet Michaels (Decedent), having filed an opposition to the Motion (ECF No. 32 (Opp'n Br.)); and Madosky having filed a reply in further support of the Motion (ECF No. 33 (Reply Br.)); and the Court finding,

1. This limitation action arises from an August 12, 2023 boating incident in which Jeffrey Jastrzembski struck and killed Decedent while operating Madosky's vessel. (ECF No. 1 (Compl.) ¶¶5, 8.) Madosky maintains that Jastrzembski was operating the vessel without his knowledge or permission. (*Id.* ¶7.) On April 15, 2024, Madosky commenced this action under the Limitation of Liability Act seeking exoneration from or limitation of liability. (*See generally* Compl.)

2. On May 22, 2024, I entered an order setting September 24, 2024 as the deadline for any claims to be brought against Madosky. (ECF No. 3.) Cohen was the only claimant to file a claim by that deadline. (ECF No. 5.) Per the parties' joint stipulation (Stipulation) (ECF No. 12) entered under the "single claimant exception" (*see* Mov. Br. p. 4), I stayed this action so Cohen could pursue her claims in the Superior Court of New Jersey (State Court Action) (ECF No. 14). On August 1, 2025, Cohen filed an amended complaint in the State Court Action, naming All Marine Center of Atlantic City LLC (All Marine) as a defendant. (ECF No. 31–2 pp. 4–23.) All Marine answered Cohen's amended complaint on March 9, 2026 and asserted cross-claims. (*Id.* pp. 27–49.) All Marine voluntarily withdrew its cross-claims on May 5, 2026. (ECF No. 32–2 pp. 150, 151 (Cross-Claim Withdrawal).) Yet, on May 22, 2026,

Madosky filed the Motion, arguing that because multiple claimants are now pursuing claims, the Stipulation no longer provides sufficient protection (Mov. Br. p. 4.)

3. The Third Circuit recognizes that a third party's claim against a vessel owner for indemnification or contribution may create a multiple-claimant situation that defeats the single claimant exception. *See Gorman v. Cerasia*, 2 F.3d 519, 527 (3d Cir. 1993); *Ionfrida v. Babick*, 541 F. Supp. 3d 516, 520, 522–23 (D.N.J. 2021). But the cross-claim is no longer pending. (Cross-Claim Withdrawal.) Madosky argues that the withdrawal was ineffective because he had already answered All Marine's cross-claim and his signature was required. (Mov. Br. pp. 6–8.) The record does not support that premise. Madosky filed his answer to Cohen's amended complaint on August 22, 2025—more than six months before All Marine asserted its cross-claim. (Opp'n Br. p. 4.) Although Madosky's answer included a general denial of cross-claims, Madosky filed no separate responsive pleading to All Marine's later-filed cross-claim before All Marine dismissed it. (*Id.* pp. 5, 6.)

4. Because All Marine is not presently pursuing a claim for contribution or indemnification against Madosky, the circumstance prompting the Motion no longer exists.[1]

Accordingly,

**IT IS** on this **12th** day of **November 2026** **ORDERED** that:

1. The Motion is **DENIED as moot.**

2. This action shall remain stayed pending the State Court Action.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[1] To the extent All Marine seeks to reassert its cross-claims (*see* Reply Br. pp. 1–3), Madosky may seek relief at that time.